Tina Wolfson, CA Bar No. 174806
*twolfson@ahdootwolfson.com*
Bradley K. King, CA Bar No. 274399
*bking@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
1016 Palm Avenue
West Hollywood, CA 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

*Counsel for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| EDWARD LEWAND, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAZDA MOTOR OF AMERICA, INC., a California corporation,<br><br>Defendant. | No. 8:17-cv-620<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Edward Lewand ("Plaintiff"), individually and on behalf of all others similarly situated, by and through his undersigned counsel, brings this Class Action Complaint against Defendant Mazda Motor of America, Inc. ("Defendant"), and alleges as follows based on personal knowledge of facts pertaining to him and on information and belief as to all other matters:

## NATURE OF THE CASE

1. This class action arises from Defendant's marketing and sales of navigation software with "real-time" or live traffic alerts (the "Traffic Software") in its 2016 model year vehicles (the "Vehicles"). The Traffic Software was initially offered with the Vehicles as a material, integral part of an add-on tech package at an additional cost to the base price of the Vehicles (the "Grand Touring Package"). Defendant advertised the Traffic Software as factory-installed navigation software with real-time traffic alerts, which provided alternative routes in the event of road closures and heavy traffic. Defendant offered the Traffic Software knowing that this feature was a material factor in consumers' decision to purchase the Grand Touring Package and the Vehicles themselves.

2. Contrary to Defendant's representations, as of early 2016, purchasers and lessees of the Vehicles were unable to access the Traffic Software. Defendant failed to notify the affected consumers of the Traffic Software's lack of functionality.

3. Without the Traffic Software, the Vehicles purchased and leased by Plaintiff and Class members did not and continue to not perform as Defendant advertised, promised, and warranted. As a result, Plaintiff and Class members received Vehicles worth less than what Defendant represented and for what they paid.

4. As alleged herein, Defendant's conduct constitutes a violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* (the "UCL"), a violation of the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* (the "CLRA"), a violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.* (the "MMWA"), a breach of express warranty, and a breach of contract.

## PARTIES

5. Plaintiff is a resident of Fulton County, Georgia. Plaintiff was a Georgia resident when he purchased his Vehicle, a 2016 Mazda CX-R with the Grand Touring Package, on or about November 28, 2015. At the time of purchase, Defendant represented that the Grand Touring Package included the Traffic Software. This software was material to Plaintiff's decision to purchase the Vehicle and pay approximately $1,505 additional for the Grand Touring Package.

6. Defendant is incorporated in California, with its headquarters and principal place of business located at 7755 Irvine Center Drive, Irvine, California 92618. Defendant, as part of Mazda North American Operations, is the American subsidiary and largest component of Mazda Motor Corporations outside of Japan. Defendant designed, manufactured, marketed, distributed, leased, and sold, through its authorized dealers and distributors, the Vehicles in the United States to Plaintiff and Class members.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million exclusive of interest and costs. Plaintiff and Defendant are citizens of different states. There are more than 100 putative Class Members.

8. This Court has personal jurisdiction over Defendant because it is headquartered in this District and regularly conducts business in California, has sufficient minimum contacts with California, and the events giving rise to this matter arose out of those contacts. Defendant intentionally availed itself of this jurisdiction by marketing and selling products and services from its principle place of business in this District to thousands of consumers in California and throughout the United States.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is headquartered in this District, Defendant regularly transacts business here, and some Class members reside in this District. In addition, the events giving rise to

Plaintiff's causes of action arose, in part, in this District.

**FACTS**

10. In its marketing brochure for the Vehicles, Defendant advertised the Traffic Software as "an available factory-integrated navigation system with cutting-edge features such as voice command, real-time traffic alerts and advanced lane guidance." *See, e.g.*, 2016 Mazda CX-5 brochure, at 18, *available at* https://www.mazdausa.com/siteassets/pdf/brochures/2016-mazda-cx-5/2016.5_mazda_cx5_brochure.pdf (emphasis added) (last visited Feb. 9, 2017).

11. As disclosed in the Vehicles' owner manuals, the Traffic Software is purported to have real-time functionality:

> The recommended route is not always the same between two points. Offline historical traffic information (historical speed information or traffic patterns) can be taken into account in the route calculation based on the time of day and the day of week whenever suitable data exists. In addition, <u>**real-time traffic information can help you avoid current traffic events like temporary road closures or a traffic jam caused by an accident**</u>.

*See* Navigation Manual for 2016 Mazda CX-5 with Grand Touring Package, at 75 (emphasis added). A true and correct copy is attached hereto as **Exhibit A**.

12. Through its Mazda Connect vehicle update service, Defendant confirmed to Plaintiff and certain Class members that the Traffic Software feature has been disabled in the Vehicles. Defendant further confirmed that the Traffic Software was originally designed into the current NAVTEQ navigation system in the Vehicles. Upon information and belief, Defendant had a temporary agreement with a traffic service provider that enabled Defendant to provide the real-time traffic alerts it promised to Plaintiff and Class members, but that agreement has since expired. Defendant began advertising the Grand Touring Package with portable Garmin navigation devices instead of the factory-installed Traffic Software.

13. For the first few months of Plaintiff's Vehicle ownership, the Traffic Software in Plaintiff's Vehicle functioned properly. When traveling in his Vehicle with

the live traffic feature turned on, the Traffic Software would alert Plaintiff of upcoming heavy traffic on his route and offer him alternate routes to avoid the heavy traffic.

14. However, the Traffic Software stopped working after the initial months of ownership. When attempting to turn on the live traffic feature on his Vehicle's touchscreen menu, the "traffic" button was greyed out such that it could no longer be turned on.

15. Plaintiff brought his Vehicle back to the dealership multiple times for service, in part to attempt to service this nonfunctioning Traffic Software. After multiple unsuccessful attempts to restore the Traffic Software, the technicians at his dealership confirmed with Defendant's corporate office that later updates of the Vehicles' software had disabled the live traffic feature:

> VERIFIED CUSTOER [sic] CONCERN THAT LIVE TRAFFIC WAS NOT WORKING . . . . CHECKED FOR MAZDA CONNECT UPDATE. VEHICLE UPDATED TO LATEST VERSION, TRAFFIC CAME ON FOR A MOMENT AND THAN [sic] GREYED OUT AGAIN. A CALL TO TECHLINE CONFIRMED THAT IN LATER UPDATES OF [sic] THAT LIVE TRAFFIC WAS DISABLED.

*See* Mazda of Marietta Customer Invoice, September 8, 2016. A true and correct copy is attached hereto as **Exhibit B** (personal identifying information redacted for privacy reasons).

16. Like Plaintiff, many other Class members have voiced their frustration with Defendant's deceptive marketing of the Traffic Software in the Vehicles, some even starting an online petition for Defendant to rectify the nonfunctioning software. *See, e.g.*, iPetitions, Live Traffic in 2016 Mazdas, *available at* https://www.ipetitions.com/petition/live-traffic-in-2016-mazdas (last visited Feb. 9, 2017) ("Mazda Connect's explanation that they are 'working on it' and it 'might' be available in the future is not acceptable."); *see also* Mazda6Club, 2016 Mazda6 Touring – Navigation – Live Traffic, *available at* http://forum.mazda6club.com/newbie-section/356474-2016-mazda6-touring-navigation-live-traffic.html (last visited Feb. 9,

2017); Reddit, Does the Nav's Traffic Feature Work for Anyone?, *available at* https://www.reddit.com/r/mazda/comments/3kubwp/does_the_navs_traffic_feature_work_for_anyone/ (last visited Feb. 9, 2017); Mazdas247, Mazda "Connect" Navigation System in 2016 and beyond (Good Read, Trust me), *available at* https://www.mazdas247.com/forum/showthread.php?123853331-Mazda-quot-Connect-quot-Navigation-System-in-2016-and-beyond-(Good-Read-Trust-me) (last visited Feb. 9, 2017); CX-3 Forum, How do you enable live traffic updates?, *available at* http://www.cx3forum.com/forum/electronics-audio/5417-how-do-you-enable-live-traffic-updates.html (last visited Feb. 9, 2017).

**CLASS ACTION ALLEGATIONS**

17. Plaintiff brings his claims as class claims under Federal Rule of Civil Procedure 23(b)(1), (b)(2), (b)(3), and (c)(4), on behalf of a proposed nationwide class defined as follows:

> *All natural persons and entities who purchased and/or leased a 2016 model year Mazda vehicle advertised to include factory-installed navigation software with real-time traffic alerts.*

18. Plaintiff brings his alternative breach of warranty and breach of contract claims on behalf of a subclass of similarly situated Georgia residents, defined as follows:

> *All natural persons and entities in Georgia who purchased and/or leased a 2016 model year Mazda vehicle advertised to include factory-installed navigation software with real-time traffic alerts.*

19. Except where otherwise noted, the "Class" and "Class members" shall refer to members of the nationwide Class and the Georgia Subclass, collectively.

20. Excluded from the Class are Defendant and its current employees, as well as the Court and its personnel presiding over this action.

21. The Class meets the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(1), (b)(2), and (b)(3) for all of the following reasons.

22. **Numerosity:** The Class is so numerous that joinder of all members is impracticable. On information and belief, Plaintiff alleges that there are thousands to millions of individuals in the Class. The parties will be able to identify each member of the Class after Defendant's document production and/or related discovery.

23. **Commonality:** There are numerous questions of law and fact common to Plaintiff and the Class, including but not limited to the following:

- whether Defendant engaged in the wrongful conduct alleged herein;
- whether Plaintiff and Class members suffered legally cognizable damages as a result of Defendant's conduct;
- whether Defendant misrepresented that purchasers and lessees of the Vehicles would have access to the Traffic Software;
- whether Defendant's representations regarding the Traffic Software were likely to mislead a reasonable consumer;
- whether Defendant breached express warranties with Plaintiff and Class members when it sold Vehicles that lacked the capabilities it represented;
- whether Defendant violated the UCL;
- whether Defendant violated the CLRA
- whether Defendant violated the MMWA; and
- whether Plaintiff and Class members are entitled to equitable relief including injunctive relief.

24. **Typicality:** All of Plaintiff's claims are typical of the claims of the Class. Plaintiff, like all proposed Class members, purchased a Vehicle with Traffic Software that did not function as advertised by Defendant.

25. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to, or in conflict with, those of Class members. There are no claims or defenses that are unique to Plaintiff. Likewise, Plaintiff has retained counsel experienced in class action and complex litigation who have sufficient resources to prosecute this action vigorously.

26. **Predominance:** The proposed action meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because questions of law and fact common to the Class predominate over any questions which may affect only individual Class members.

27. **Superiority:** The proposed action also meets the requirements of Federal Rule of Civil Procedure 23(b)(3) because a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions is superior to multiple individual actions or piecemeal litigation, avoids inconsistent decisions, presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each Class member. Absent a class action, the majority of Class members would find the cost of litigating their claims prohibitively high and would have no effective remedy.

28. **Risks of Prosecuting Separate Actions:** Plaintiff's claims also meet the requirements of Federal Rule of Civil Procedure 23(b)(1) because prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications that would establish incompatible standards for Defendant. Varying adjudications could establish incompatible standards with respect to: whether Defendant's ongoing conduct violates the claims alleged herein; and whether the injuries suffered by Class members are legally cognizable, among others. Prosecution of separate actions by individual Class members would also create a risk of individual adjudications that would be dispositive of the interests of other Class members not parties to the individual adjudications, or substantially impair or impede the ability of Class members to protect their interests.

29. **Injunctive Relief:** In addition, Defendant has acted and/or refused to act on grounds that apply generally to the Class, making injunctive and/or declaratory relief appropriate with respect to the Class under Federal Rule of Civil Procedure 23(b)(2). Defendants continue to make misrepresentations concerning the Traffic Software and other claims alleged herein.

30. **Certification of Particular Issues:** In the alternative, the Class may be

maintained as a class action with respect to particular issues, in accordance with Fed. R. Civ. P. 23(c)(4).

## FIRST CAUSE OF ACTION

### Violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*.

### (On Behalf of the Nationwide Class)

31. Plaintiff incorporates by reference all factual allegations above.

32. The UCL prohibits any "unlawful," "unfair," or "fraudulent" business practice.

33. Defendant violated the "unlawful" prong of the UCL by making material misrepresentations that the Vehicles were equipped with functional Traffic Software, which violated, without limitation, the CLRA and the MMWA.

34. Defendant's practice of representing that the Vehicles were equipped with functional Traffic Software when they were not violated the "unfair" prong of the UCL because it was immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff and Class members. Defendant's practice was also contrary to public policy and the harm it caused to consumers outweighed its utility, if any.

35. Defendant violated the "fraudulent" prong of the UCL by making material misrepresentations that the Vehicles were equipped with functional Traffic Software, when in fact they were not. These material misrepresentations were likely to mislead consumers.

36. Plaintiff and Class members relied on Defendant's material misrepresentations and would not have paid for, or would not have paid as much for, the Vehicles had they known the truth.

37. As a direct and proximate result of Defendant's unfair, unlawful, and fraudulent conduct, Plaintiff and Class members lost money or property.

38. Defendant's conduct caused substantial injury to Plaintiff and Class members. Accordingly, Plaintiff seeks an order enjoining Defendant from committing

such unlawful, unfair, and fraudulent business practices, and seeks the full amount of money Plaintiff and Class members paid for the Traffic Software and/or restitutionary disgorgement of profits from Defendant. Plaintiff also seeks attorneys' fees and costs under Cal Code Civ. Proc. § 1021.5.

## SECOND CAUSE OF ACTION

**Violation of the Consumers Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.***

**(On Behalf of the Nationwide Class)**

39. Plaintiff incorporates by reference all factual allegations above.

40. The CLRA has adopted a comprehensive statutory scheme prohibiting various deceptive practices in connection with the conduct of a business providing goods, property, or services to consumers primarily for personal, family, or household purposes. The self-declared purposes of the CLRA are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

41. Defendant is a "person" as defined by Civil Code Section 1761(c), because Defendant is a corporation as set forth above.

42. Plaintiff and Class members are "consumers" within the meaning of Civil Code Section 1761(d).

43. The Vehicles and the Traffic Software constitute "goods" and "services," as defined by Cal. Civ. Code § 1761(a) and (b).

44. Plaintiff's and Class members' purchases of the Vehicles constitute "transactions," as defined by Cal. Civ. Code § 1761(e).

45. Plaintiff's and Class members' purchased the Vehicles for personal, family, and household purposes, as defined by Cal. Civ. Code § 1761(d).

46. Venue is proper under Cal. Civ. Code § 1780(d) because a substantial portion of the conduct at issue occurred in this District. An affidavit establishing that this Court is the proper venue for this action is attached below.

47. Defendant deceived consumers in that it misrepresented that the Traffic Software was functional in the Vehicles, when in fact the Traffic Software was not and continues to not be functional.

48. Defendant's misrepresentations and nondisclosures violated the CLRA in the following manner:

a. In violation of Section 1770(a)(5), Defendant misrepresented that the Vehicles had characteristics, benefits, or uses that they did not have (representing the Vehicles were equipped with functional Traffic Software when they were not);

b. In violation of Section 1770(a)(7), Defendant misrepresented that the Vehicles were of a particular standard, quality, and/or grade when they were of another (representing the Vehicles were equipped with functional Traffic Software when they were not);

c. In violation of Section 1770(a)(9), Defendant advertised the Vehicles with an intent not to sell them as advertised (representing the Vehicles were equipped with functional Traffic Software when they were not); and

d. In violation of Section 1770(a)(16), Defendant misrepresented that the Vehicles were supplied in accordance with previous representations when they were not (representing the Vehicles were equipped with functional Traffic Software when they were not).

49. Defendant's misrepresentations and nondisclosures regarding the Vehicles were material to Plaintiff and Class members because a reasonable person would have considered them important in deciding whether or not to purchase the Vehicles and because Defendant had a duty to disclose the truth.

50. Plaintiff and Class members relied upon Defendant's material misrepresentations and nondisclosures, and had Plaintiff and Class members known the truth they would have acted differently.

51. As a direct and proximate result of Defendant's material misrepresentations and nondisclosures, Plaintiff and the Class have been irreparably harmed.

52. On behalf of the Class, Plaintiff seeks injunctive relief in the form of an order enjoining Defendant from making such material misrepresentations and nondisclosures and to engage in a corrective advertising to alert consumers of these misrepresentations and nondisclosures. Plaintiff also seeks attorneys' fees and costs.

53. In accordance with Cal. Civ. Code § 1782(a), on October 14, 2016, Plaintiff's counsel served Defendant with notice of these CLRA violations by certified mail, return receipt requested. Defendant received Plaintiff's CLRA notice on October 17, 2016.

54. As Defendant has failed to rectify the CLRA violations alleged in Plaintiff's notice within 30 days of receipt, Plaintiff seeks compensatory and exemplary damages as permitted by Cal. Civ. Code §§ 1780 and 1782(b).

**THIRD CAUSE OF ACTION**

**Breach of Express Warranty**

**(On Behalf of the Nationwide Class or, in the Alternative, the Georgia Subclass)**

55. Plaintiff incorporates by reference all factual allegations above.

56. Plaintiff and Class members formed a contract with Defendant at the time they purchased or leased their Vehicles. The terms of the contract include the promises and affirmations of fact and express warranties made by Defendant.

57. Plaintiff's and the other Class members' Vehicles did not perform in conformity with Defendant's affirmations of fact and promises. The Vehicles' Traffic Software is not functional as promised.

58. All conditions precedent have occurred or been performed. Defendant has actual knowledge that it breached express warranties with Plaintiff and Class members related to the Vehicles.

59. Defendant breached the terms of the express warranties with Plaintiff and Class members by not providing the Vehicles with the capabilities and functionality as advertised.

60. As the foreseeable and actual result of Defendant's breach of express warranty, Plaintiff and Class members were damaged in an amount that is the difference between the value of Vehicles if they had possessed the qualities and attributes represented and the value of the Vehicles Plaintiff and Class members actually received.

**FOURTH CAUSE OF ACTION**

**Breach of Contract**

**(On Behalf of the Nationwide Class or, in the Alternative, the Georgia Subclass)**

61. Plaintiff incorporates by reference all factual allegations above.

62. Plaintiff and Class members individually formed contracts with Defendant for the purchase of the Vehicles equipped with the Traffic Software.

63. The contract included terms regarding delivery of Traffic Software capable providing live, real-time traffic alerts. Plaintiff and Class members bargained for this term in the sales contract.

64. Defendant breached each of these contracts when it failed to deliver Traffic Software capable of providing real-time traffic alerts.

65. Plaintiff and Class members were deprived of the benefit of the bargain as a result, overpaid for their Vehicles, and are entitled to actual damages they sustained as a result of Defendant's breach, as well as consequential and incidental losses.

**FIFTH CAUSE OF ACTION**

**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq.***

**(On Behalf of the Nationwide Class)**

66. Plaintiff incorporates by reference all factual allegations above.

67. The Vehicles are consumer products as defined in 15 U.S.C. § 2301(6).

68. Plaintiff and Class members are consumers as defined in 15 U.S.C. § 2301(3).

69. Defendant is a supplier and warrantor as defined in 15 U.S.C. § 2301(4)-(5).

70. By reason of Defendant's breach of its implied and express warranties that the Vehicles were free from material defects, and that Defendant would repair any such defects without cost to Class members, Defendant has violated the rights of Plaintiff and Class members.

71. As a direct and proximate result of Defendant's actions, Plaintiff and Class members have suffered economic damages including, but not limited to, loss of use of the Vehicles, loss in value and resale value of the Vehicles, and other damages.

## RELIEF REQUESTED

Plaintiff, individually and on behalf of all others similarly situated, requests that the Court enter judgment against Defendant as follows:

A. An order certifying this action as a class action under Federal Rule of Civil Procedure 23, defining the Class as requested herein, appointing the undersigned as Class Counsel, and finding that Plaintiff is a proper representative of the Class requested herein;

B. Injunctive relief requiring Defendant to disseminate corrective advertising alerting consumers to its misrepresentations concerning the Traffic Software in the Vehicles;

C. An order requiring Defendant to pay all costs associated with Class notice and administration of Class-wide relief;

D. An award to Plaintiff and all Class members of compensatory, consequential, incidental, and statutory damages, restitution, and disgorgement, in an amount to be determined at trial;

E. An award of attorneys' fees, costs, and expenses, as provided by law or equity;

F. An order requiring Defendant to pay pre-judgment and post-judgment interest, as provided by law or equity; and

G. Such other or further relief as the Court may allow.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues in this action so triable of right.

Dated: April 5, 2017

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

/s/ Tina Wolfson

Tina Wolfson
Bradley K. King
1016 Palm Avenue
West Hollywood, CA 90069
Tel: (310) 474-9111
Fax: (310) 474-8585

*Plaintiff's Counsel*

**AFFIDAVIT OF TINA WOLFSON**

I, Tina Wolfson, declare as follows:

1. I am an attorney with the law firm of Ahdoot & Wolfson, PC, counsel for Plaintiff in this action. I am admitted to practice law in California and before this Court, and am a member in good standing of the State Bar of California. This declaration is made pursuant to California Civil Code section 1780(d). I make this declaration based on my research of public records and upon personal knowledge and, if called upon to do so, could and would testify competently thereto.

2. Venue is proper in this Court because Plaintiff suffered injuries as a result of Defendant's acts in this District, many of the acts and transactions giving rise to this action occurred in this District, and Defendant (1) is headquartered in this District, (2) is authorized and registered to conduct business in this District and has intentionally availed itself of the laws and markets of this District through the distribution and sale of its vehicles in this District, and (3) is subject to personal jurisdiction in this District.

3. Plaintiff is a resident of Fulton County, Georgia.

4. Defendant is a California registered corporation with its principal place of business located at 7755 Irvine Center Drive, Irvine, California 92618.

I declare under penalty of perjury under the laws of the United States and the State of California this 5th day of April, 2017 in West Hollywood, California that the foregoing is true and correct.

Tina Wolfson